IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT J. BARTON, et al.,        )
                                    )
            Plaintiffs,      )
                                    )
vs.                              )     Case No. CIV-07-578-HE
                                    )
CITY OF MIDWEST CITY, et al.,    )
                                    )
            Defendants.    )

---

## DEFENDANTS' MOTION AND BRIEF TO DISMISS

---

David W. Lee, OBA #5333
Ambre C. Gooch, OBA #16586

COMINGDEER, LEE & GOOCH
6011 N. Robinson Avenue
Oklahoma City, OK  73118-7425
Phone: (405) 848-1983/Fax: (405) 848-4978
Email address: acgooch@swbell.net

ATTORNEYS FOR DEFENDANTS

June 18, 2007

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-vii

I.   THERE ARE PENDING CASES IN OKLAHOMA STATE COURT WHERE
     PLAINTIFFS CAN OBTAIN REDRESS FOR THEIR ALLEGED DAMAGE TO
     THEIR PROPERTY. THEREFORE, THIS CASE SHOULD BE DISMISSED . . . . . . . 1

II.  FOR THE PURPOSE OF THIS MOTION TO DISMISS, CITY REQUESTS THE
     COURT TAKE JUDICIAL NOTICE OF THE STATE DISTRICT COURT
     PROCEEDINGS THAT HAVE OCCURRED AND WHICH ARE PENDING
     BETWEEN THE PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. PLAINTIFFS' CLAIMS ARE NOT COGNIZABLE UNDER 42 U.S.C. § 1983
     SINCE THEY INVOLVE EMINENT DOMAIN AND CONDEMNATION
     DISPUTES BECAUSE PLAINTIFFS HAVE AN ADEQUATE REMEDY UNDER
     STATE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.  WITH REGARD TO COUNT FIVE OF THE PETITION, THERE ARE NOT
     SUFFICIENT ALLEGATIONS OF ANY VIOLATION OF PLAINTIFFS'
     SUBSTANTIVE DUE PROCESS RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

V.   THE EQUAL PROTECTION CLAIM IS NOT RIPE FOR ADJUDICATION IN
     THIS 42 U.S.C. § 1983 ACTION; FURTHERMORE, PLAINTIFFS HAVE NOT
     ALLEGED THAT THEY HAVE BEEN DISCRIMINATED AGAINST ON THE
     BASIS OF RACE OR OTHER PROHIBITED BASIS . . . . . . . . . . . . . . . . . . . . . . . . 21

VI.  THERE IS NOT A SUFFICIENT ALLEGATION OF A CONSTITUTIONALLY
     COGNIZABLE SEIZURE IN THIS CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

VII. THE ACTION IS BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS
     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

VIII. DEFENDANT REQUESTS THE COURT TO DECLINE TO EXERCISE
      SUPPLEMENTAL JURISDICTION OVER ANY ALLEGED STATE CLAIM,
      AND DISMISS THIS CASE IN ITS ENTIRETY . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

# TABLE OF AUTHORITIES

## CASES

Alexander v. Oklahoma,
382 F.3d 1206 (10th Cir. 2004) ..................................................... 25

Allen v. Transok Pipe Line Co.,
1976 OK 53, 552 P.2d 375 ............................................... 3, 15, 16, 20

Anthony v. Franklin County,
799 F.2d 681 (11th Cir. 1986) ...................................................... 11

Bailey v. Anderson,
326 U.S. 203, 66 S. Ct. 66, 90 L. Ed. 2d 3 (1945) .................................... 21

Bateman v. City of West Bountiful,
89 F.3d 704 (10th Cir. 1996) ........................................... 9, 10, 13, 21, 23

Board of Commissioners v. Lowery,
2006 OK 31, 136 P.3d 639 ..................................................... 15, 20

Boling v. Romer,
101 F.3d 1336 (10th Cir. 1996) ..................................................... 14

Branch v. Tunnell,
14 F.3d 449 (9th Cir. 1994) ......................................................... 6

Cassettari v. Nevada County,
824 F.2d 735 (9th Cir. 1987) ....................................................... 11

Chalfy v. Turoff,
804 F.2d 20 (2d Cir. 1986) ........................................................ 11

Cinel v. Connick,
15 F.3d 1338 (5th Cir. 1994) ........................................................ 5

City of Cleburne v. Cleburne Living Center,
473 U.S. 432, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) ............................... 22

City of Cuyahoga Falls v. Buckeye Community Hope Foundation,
538 U.S. 188, 123 S. Ct. 1389, 155 L. Ed. 2d 349 (2003) ........................... 13, 22

City of Midwest City v. House of Realty,
2004 OK 56, 100 P.3d 678 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16, 24

City of Monterey v. Del Monte Dunes at Monterey, Ltd.,
526 U.S. 687, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Collins v. City of Harker Heights,
503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

County of Sacramento v. Lewis,
523 U.S. 833, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Daniel v. County of Santa Barbara,
288 F.3d 375 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Eide v. Sarasota County,
908 F.2d 716 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Four Seasons Apartment v. City of Mayfield Heights,
775 F.2d 150 (6th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Grubbs v. Bailes,
445 F.3d 1275 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Hallco v. Environmental, Inc.,
149 F.3d 1190 (10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Halverson v. Skagit County,
42 F.3d 1257 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

House of Realty, et al. v. City of Midwest City, et al.,
2004 OK 97, 109 P.3d 314 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Hudson v. Palmer,
468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

Jennings v. City of Stillwater,
383 F.3d 1199 (10th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Landmark Land Company of Oklahoma v. Buchanan,
874 F.2d 717 (10th Cir. 1989), abrogated on other grounds,
Federal Lands Legal Consortium v. United States,
195 F.3d 1190 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Lugar v. Edmondson Oil Co.,
457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

McGruder v. Will,
204 F.3d 220 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

McLaughlin v. Weathers,
170 F.3d 577 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Miller v. Campbell County,
945 F.2d 348 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Opoka v. INS,
94 F.3d 392 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Papai v. Harbour, Tug and Barge, Co.,
67 F.3d 203, (9th Cir. 1995), rev'd on other grounds,
520 U.S. 548, 117 S. Ct. 1535, 137 L. Ed. 2d 800 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Pellegrino v. State ex rel. Cameron University,
2003 OK 2, 63 P.3d 535 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Personnel Administrator of Massachusetts v. Feeney,
442 U.S. 256, 99 S. Ct. 2282, 60 L. Ed. 2d 870 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Phillips v. Calhoun,
956 F.2d 949 (10th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Pietrowski v. Town of Dibble,
134 F.3d 1006 (10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Price v. Philpot,
420 F.3d 1158 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Robertson v. Wegmann,
436 U.S. 584, 98 S. Ct. 1991, 56 L. Ed. 2d 554 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

SK Finance SA v. La Plata County,
126 F.3d 1272 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Shanbour v. Hollingsworth,
1996 OK 67, 918 P.2d 73 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Signature Properties International v. City of Edmond,
310 F.3d 1258 (10th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12, 23

Snyder v. Murray City Corp.,
124 F.3d 1349 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Soldal v. Cook County,
506 U.S. 56, 113 S. Ct. 538, 121 L. Ed. 2d 450 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Stachowski v. Town of Cicero,
425 F.3d 1075 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

State of Oklahoma ex rel. Department of Transportation v. Post,
2005 OK 69, 125 P.3d 1183 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Sullivant v. City of Oklahoma City,
1997 OK 68, 940 P.2d 220 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18

Summum v. Duchesne City,
482 F.3d 1263 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Town of Castle Rock v. Gonzales,
545 U.S. 748, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Ward v. Petroleum Corporation,
2003 OK 11, 64 P.3d 1113 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Washington v. Davis,
426 U.S. 229, 96 S. Ct. 2040, 48 L. Ed. 2d 597 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Williams v. Natural Gas Co. v. Perkins,
1997 OK 72, 952 P.2d 483 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Williamson County Regional Planning Commission v. Hamilton Bank,
473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985) . . . . . . . . . . . . . . . . . . 7, 9, 10, 13, 21, 23

Willis v. Public Service Company of Oklahoma,
182 F.3d 931 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13, 21

Woodard v. Andrus,
419 F.3d 348 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

YDF, Inc. v. Schlumar, Inc.,
2006 OK 32, 136 P.3d 656 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Zachary v. State ex rel. Department of Corrections,
2001 OK CIV APP 120, 34 P.3d 1171 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## FEDERAL STATUTES AND RULES

28 U.S.C. § 1367(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

10th Cir. R. 36.3(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 23

## OKLAHOMA CONSTITUTIONAL PROVISIONS AND STATUTES

Okla. Const. Art. 2, § 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16, 20

Okla. Const. Art. 2, § 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 14, 16, 18, 20

Okla. Stat. tit. 11, § 38-101(8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Okla. Stat. tit. 11, § 38-111 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 15, 19

Okla. Stat. tit. 11, § 38-111(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Okla. Stat. tit. 11, § 38-111(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Okla. Stat. tit. 11, § 38-111(F) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 20

Okla. Stat. tit. 11, § 44-110 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Okla. Stat. tit. 27, § 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16, 17

Okla. Stat. tit. 27, § 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16, 17, 18

Okla. Stat. tit. 51, §§ 151-171 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Okla. Stat. tit. 51, § 152(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

Okla. Stat. tit. 51, § 153(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Okla. Stat. tit. 51, § 156(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Okla. Stat. tit. 66, §§ 51-57 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Okla. Stat. tit. 66, §§ 51-66 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Okla. Stat. tit. 66, §§ 53-57 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 20

Okla. Stat. tit. 66, § 55 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## **OTHER AUTHORITIES**

5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure,
§ 1357 (1990 & Supp. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

21 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure: Evidence,
§ 5106, at 505 (1997 & Supp. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Michael H. Graham, Handbook of Federal Evidence,
§ 201.3, at 113 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ROBERT J. BARTON, et al.,           )
                                     )
            Plaintiffs,              )
                                     )
vs.                                  )        Case No. CIV-07-578-HE
                                     )
CITY OF MIDWEST CITY, et al.,        )
                                     )
            Defendants.              )

## DEFENDANTS' MOTION AND BRIEF TO DISMISS

Defendants City of Midwest City and Midwest City Memorial Hospital Authority (herein

jointly referred to as "the City") file this Motion to Dismiss Complaint, pursuant to Fed. R. Civ. P.

12(b)(6), because the Complaint fails to state a claim upon which relief can be granted or based, for

the reasons stated in the following Brief.

**I.      THERE ARE PENDING CASES IN OKLAHOMA STATE COURT WHERE
         PLAINTIFFS CAN OBTAIN REDRESS FOR THEIR ALLEGED DAMAGE TO
         THEIR PROPERTY. THEREFORE, THIS CASE SHOULD BE DISMISSED.**

In a related case filed in the United States District Court for the Western District of

Oklahoma, Robert J. Barton v. City of Midwest City, CIV-06-179-HE, the District Court granted

Defendants' Motion and Brief to Dismiss on August 29, 2006. (Dkt. No. 79).[1]  In that Order, the

Court stated that "[t]he ongoing condemnation action in state court may ultimately result in adequate

compensation for the damages suffered by plaintiffs." Id., Order, at 7.  This Court cited Hudson v.

Palmer, 468 U.S. 517, 535, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) for the proposition that "even

if the potential compensation in state court is not as encompassing as a damages award in the § 1983

case, this does not necessarily render the state court proceedings inadequate." Id. In that Order, the

---

[1]The Order also appears at Barton v. City of Midwest City, No. CIV-06-179, 2006 WL
2520260 (W.D. Okla. Aug. 29, 2006).

Court dismissed the Complaint pursuant to the ripeness doctrine, stating that "[g]iven the interrelated nature of the arguments and claims raised in state court with those raised in this case, the court concludes plaintiffs cannot avoid the ripeness requirement applicable to claims under the Takings Clause." Id. at 8.

Nothing has occurred in state court between the parties that should change the result reached by the Court in its August 29, 2006 Order. A comparison of the Complaint filed on February 22, 2006, in CIV-06-179-HE (Dkt. No. 1), and the underlying allegations of the Petition[2] in the present case, shows that the legal and factual issues are the same. The Complaint in CIV-06-179-HE, and Petition filed in state court and removed to this Court in CIV-07-3724-HE, contain the identical federal claims. Paragraphs 3-39 of CIV-06-179-HE are identical to the substantive portions of paragraphs 1-31; 48-52, in the Petition in this case. The Plaintiffs are the same in both cases. In CIV-06-179-HE the federal claims are in Counts 1 (substantive due process), 2 (equal protection) and 3 (Fourth Amendment seizure) are the same as Counts 5, 6 and 7 in the Petition of the present case, and contain the same wording and theories.

Therefore, the federal claims set forth in the Complaint and Petition in both cases are identical, and Defendants respectfully contend that the substance of, and the principles underlying, this Court's Order in CIV-06-179-HE (Dkt. No. 79) should again be applied in the present case (CIV-07-3724-HE). The City, therefore, contends that the ripeness requirement referred to its previous Order still applies, and that the Court should again dismiss the Complaint filed in the present case.

---

[2]Although this case was removed from state court, to avoid confusion between the two actions, the City will refer to the Complaint in CIV-06-179-HE as "the Complaint" and the Petition in the present case as "the Petition."

The Court noted in its August 29, 2006 Order, Plaintiff can "pursu[e] an inverse condemnation action in state court to recover any damages suffered as a result of the City's initial attempts to condemn their property." Id. at 8. The Court was correct, and the issues regarding the City's taking of property are still pending in state court, on appeal,[3] in City of Midwest City v. House of Realty, Inc. et al., CJ-2004-9568 and House of Realty et al. v. City of Midwest City, et al, CJ-2002-2048. With regard to their allegations in those cases,[4] and in the present case, Plaintiffs are still entitled to seek recovery in Oklahoma state courts in tort, as well as pursuant to condemnation proceedings. Allen v. Transok Pipe Line Co., 1976 OK 53, 552 P.2d 375, 382.

In Allen, the Oklahoma Supreme Court held that the landowner suing the entity causing tort injury is not limited only to damages recoverable in a condemnation proceeding, but may recover for all damages sustained as a result of the tortfeasor's willful and wanton conduct. Id. at 379-82. The Supreme Court in Allen held that the reverse condemnation action was not the exclusive remedy for damages, including those for trespass, as well as for other nonland damages (and punitive damages). Id. The plaintiff could recover for the other damages in a separate and distinct cause of action, and the causes of action could be tried in the same case. Id.

Allen and its progeny have been subsequently cited favorably a number of times. See, e.g., State of Oklahoma ex rel. Department of Transportation v. Post, 2005 OK 69, 125 P.3d 1183, 1188 (citing Allen with regard to its interpretation of Okla. Const. Art. 2, § 24); Ward v. Petroleum Corporation, 2003 OK 11, 64 P.3d 1113, 1116 (citing Allen in holding that a plaintiff seeking relief

---

[3]See III, infra.

[4]In II, infra, the City again requests the Court to take judicial notice of the proceedings in those cases.

under the Oklahoma Surfaces Damages Act could also file a related tort in the same case), and its holding regarding the allowing of separate causes of action to be brought with a condemnation lawsuit can never been overruled or modified. See also YDF, Inc. v. Schlumar, Inc., 2006 OK 32, 136 P.3d 656, 660 n.2 (citing Ward with approval regarding its Surface Damages Act holding).

Therefore, Defendants in this Motion and Brief will again reassert essentially the same arguments which they presented in CIV-06-179-HE, because, as the Court noted in its Order dismissing that case, "[u]ntil such proceedings [in state court] are complete, the court cannot properly determine the adequacy or inadequacy compensation or the amount of damages, if any, due to plaintiffs for the destruction of their property." Order, at 7-8.

## II. FOR THE PURPOSE OF THIS MOTION TO DISMISS, CITY REQUESTS THE COURT TAKE JUDICIAL NOTICE OF THE STATE DISTRICT COURT PROCEEDINGS THAT HAVE OCCURRED AND WHICH ARE PENDING BETWEEN THE PARTIES.

For the purpose of the Plaintiffs' due process allegations, because state district court proceedings regarding this case are still pending, the City respectfully requests the Court to take judicial notice of those proceedings. The Court did this in CIV-06-179-HE. See Order at 1, n.1 (Dkt. No. 38) in CIV-06-179-HE.

Defendants in the present case request the Court to take judicial notice of the following documents attached as Exhibit 1-12, and other relevant documents contained in those case files in the District Court for Oklahoma County:

1. Docket sheet from OSCN in City of Midwest City v. House of Realty, Inc. et al., CJ-2004-9568;

2. First Amended Petition to Select and Summon Commissioners in City of Midwest City v. House of Realty, Inc. et al., CJ-2004-9568, filed June 6, 2005;

3. Docket sheet from OSCN in House of Realty et al. v. City of Midwest City, et al, CJ-2002-2048;

4. Order filed October 11, 2005 in House of Realty et al. v. City of Midwest City, et al, CJ-2002-2048;[5]

5. Plaintiffs' Response to Defendant House of Realty Inc.'s Motion to Instruct Commissioners, with Supporting Brief filed February 18, 2005 in CJ-2004-9568;

6. Plaintiffs' Joint Motion to Confirm Commissioners' Report and Response to Exceptions to Report of Commissioners and Demand for Jury Trial of Defendant House of Realty, Inc. filed December 20, 2005 in CJ-2004-9568;

7. Motion for Leave to File First Amended Petition to Select and Summon Commissioners and Brief in Support filed February 18, 2005 in CJ-2004-9568;

8. Exceptions to Report of Commissioners and Demand for Jury Trial of Defendant House of Realty, Inc. filed December 2, 2005 in CJ-2004-9568;

9. Order filed December 30, 2005 in CJ-2002-2048 and CJ-2004-9568;[6]

10. Journal Entry filed January 26, 2007 in CJ-2002-2048 and CJ-2004-9568;

11. Docket sheet from OSCN in House of Realty, Inc. et al. v. City of Midwest City, et al., DF-104526; and,

12. Docket sheet from OSCN in City of Midwest City, et al. v. House of Realty, et al., IN-104349.

It is proper for the Court, on a motion to dismiss, to consider matters of public record. 5A

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357 (1990 & Supp.

2006). See also Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (court may consider a

public record with regard to ruling on a motion to dismiss, and does not convert motion to dismiss

---

[5]The attached Exhibits 1-4 were originally submitted with Defendants' Motion to Dismiss filed on April 12, 2006 in CIV-06-179-HE (Dkt. No. 20).

[6]The attached Exhibits 5-9 were originally submitted with Defendants' Supplement to Reply Brief filed on June 20, 2006 in CIV-06-179-HE (Dkt. No. 35).

into a motion for summary judgment); and <u>Branch v. Tunnell</u>, 14 F.3d 449, 453-54 (9th Cir. 1994) (documents not attached to the pleading but whose contents are alleged in the pleading and whose authenticity are not challenged can be considered on a Fed. R. Civ. P. 12(b)(6) motion without conversion to a motion for summary judgment). In their Petition in the present case, Plaintiffs have alluded to the previous state court condemnation, and other state court legal proceedings. Petition, ¶¶ 9; 16-20; 24; 27; 29; 34).

The City again requests the Court to take judicial notice of exhibits and pleadings in state court because of their relevancy to Defendants' Motion to Dismiss this case. In <u>Opoka v. INS</u>, 94 F.3d 392, 394-95 (7th Cir. 1996), the court held that a federal court has the power to take judicial notice of the relevant decisions of court and administrative agencies, this includes proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to the matters at issue. <u>See also</u> 21 Charles Alan Wright & Kenneth W. Graham, Jr., <u>Federal Practice & Procedure: Evidence</u>, § 5106, at 505 (1997 & Supp. 2006) (noting that the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records); and <u>Papai v. Harbour, Tug and Barge, Co.</u>, 67 F.3d 203, 207 n.5 (9th Cir. 1995), <u>rev'd on other grounds</u>, 520 U.S. 548, 117 S. Ct. 1535, 137 L. Ed. 2d 800 (1997) ("judicial notice is properly taken of orders and decisions made by other courts or administrative agencies). In Michael H. Graham, <u>Handbook of Federal Evidence</u>, § 201.3, at 113 (1996), it was noted that a court will take judicial notice of the record, pleading, or judgment of a case in another court proceeding between the same parties.

## III. PLAINTIFFS' CLAIMS ARE NOT COGNIZABLE UNDER 42 U.S.C. § 1983 SINCE THEY INVOLVE EMINENT DOMAIN AND CONDEMNATION DISPUTES BECAUSE PLAINTIFFS HAVE AN ADEQUATE REMEDY UNDER STATE LAW.

The present case is still not ripe for adjudication in federal court because Plaintiffs' claims

have not been exhausted in state court. The state court condemnation proceedings that involve and are related to Plaintiffs' claims in this case are on appeal to the Oklahoma Supreme Court, which are appeals of CJ-2004-9568 and CJ-2002-2048. See Exhibits 11 and 12, docket sheets from these cases that are on appeal at the Oklahoma Supreme Court.[7]

Plaintiffs have a remedy, pursuant to Okla. Stat. tit. 11, § 38-111, in the City's pending condemnation action. As this Court noted in CIV-06-179-HE, the presence of an adequate state remedy for compensation in an eminent domain action bars an action based on 42 U.S.C. § 1983. See Hudson v. Palmer, 468 U.S. 517, 535, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). In Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985), a § 1983 action, the Supreme Court held if a state provides an adequate procedure for a landowner to seek just compensation, the property owner must exhaust this procedure and be denied just compensation before an action may be brought under § 1983. A § 1983 action for compensation is not ripe unless there has been a final determination regarding compensation, or state procedures for compensation have been utilized, and exhausted. Williamson, 472 U.S. at 186-93. In SK Finance SA v. La Plata County, 126 F.3d 1272, 1276 (10th Cir. 1997), the court stated, "Because the Fifth Amendment only prohibits takings without just compensation, a federal constitutional claim is not ripe until compensation is denied under state procedures, if adequate state procedures exist."

In the present case, Plaintiffs still have not been denied compensation by the Defendants, and the remedy afforded by Okla. Stat. tit. 11, § 38-111 is an adequate one. Therefore, the federal claims

---

[7]There is a notation on both appellate docket sheets, dated April 16 and 17, 2007, respectively, that these cases are companion cases.

in this action is still not ripe, and Plaintiffs' alleged claims are not actionable in federal court.  See

City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 710, 119 S. Ct. 1624, 143

L. Ed. 2d 882 (1999) (stating, in a § 1983 action, that a property owner's action did not accrue until

it was denied just compensation).  "If condemnation proceedings do not, in fact, deny the landowner

just compensation, the government's actions are neither unconstitutional nor unlawful."  Id. at 714.

In Del Monte Dunes, the Court held that the property owner was entitled to a jury trial on its § 1983

claim because it "was denied not only its property but also just compensation or even an adequate

forum for seeking it."  Id. at 715.

The City continues to offer compensation to Plaintiffs in state court.  See Exhibits 1-11

attached.  Therefore, the present 42 U.S.C. § 1983 action regarding federal claims is still not ripe

for adjudication.  In Landmark Land Company of Oklahoma v. Buchanan, 874 F.2d 717 (10th Cir.

1989), abrogated on other grounds, Federal Lands Legal Consortium v. United States, 195 F.3d

1190, 1194 (10th Cir. 1999), the court upheld the district court's ruling that the case was not ripe

because the administrative process at the local level had not been completed.  The court in Landmark

held that where de novo appeal to district court was available pursuant to Okla. Stat. tit. 11, § 44-

110, no constitutional denial occurred.  Id. at 724.  As has been noted, in the present case, Plaintiffs

are entitled to be compensated through the condemnation action now proceeding in City of Midwest

City v. House of Realty, Inc. et al., CJ-2004-9568.

The ripeness doctrine also bars claims under constitutional theories other than the Fifth

Amendment takings theory, so Plaintiffs in the present case cannot proceed with their substantive

due process, equal protection and seizure claim in this § 1983 action.  In Signature Properties

International v. City of Edmond, 310 F.3d 1258 (10th Cir. 2002), an appeal from an order issued in

8

the Western District of Oklahoma, the court held that a developer's § 1983 federal court action was not ripe with regard to a substantive due process claim, as well as state law claims. The court cited Landmark, noting that the Tenth Circuit had held "that the same ripeness test, requiring final action by the city, applied to a substantive due process claim as well as to a just compensation claim." Id. at 1265. See also Bateman v. City of West Bountiful, 89 F.3d 704, 706-09 (10th Cir. 1996) (claim for variance under § 1983 was not ripe prior to board of adjustment ruling). In Bateman, the court stated that "the ripeness requirement of Williamson applies to due process and equal protection claims that rest on the same facts as a concomitant takings claim." Id. at 709.

In Willis v. Public Service Company of Oklahoma, 182 F.3d 931 (10th Cir. 1999) (unpublished decision),[8] a § 1983 action involving an eminent domain proceeding that had been brought under Oklahoma state eminent domain procedure for public utilities, the federal court plaintiff claimed that the state condemnation and other state court proceedings had violated its due process, equal protection, access to courts, and first amendment rights. The Tenth Circuit upheld the district court's dismissal of the plaintiff's case, citing Williamson. The court noted that "[v]irtually all of plaintiff's complaints derive, in one way or another, from the eminent domain proceeding prosecuted by PSO." 182 F.3d 931 at **2. The court stated that because the eminent domain statute in question, Okla. Stat. tit. 66, §§ 51-57 "affords plaintiff the right to challenge both the justification of PSO's taking and the adequacy of any resulting compensation, . . ." under Williamson, until the state court proceedings are concluded, the case was not ripe for adjudication. Id. The court also held that "this ripeness rule encompasses other constitutional claims which fall squarely within the primary purview of the [Just Compensation Clause] in this context, such as the

---

[8]This case is cited pursuant to 10th Cir. R. 36.3(B).

9

due process, equal protection, and access to courts infirmities plaintiff alleges with respect to the state eminent domain proceeding." Id. The court cited Bateman v. City of West Bountiful, 89 F.3d 704, 709 (10th Cir. 1996) in this regard.

In the present case, Plaintiffs' federal claims are in three Counts of the Petition: Count 5 (substantive due process); Count 6 (equal protection); and Count 7 (Fourth Amendment seizure). For the reasons stated by this Court in CIV-06-179-HE (Dkt. No. 79), where the District Court granted Defendants' Motion and Brief to Dismiss on August 29, 2006, these federal claims are barred by the ripeness doctrine. See also Hallco v. Environmental, Inc., 149 F.3d 1190, at **7 (10th Cir. 1998) (unpublished decision)[9] (reasserting the holding in Bateman); Miller v. Campbell County, 945 F.2d 348, 351-53 (10th Cir. 1991) (in a 42 U.S.C. § 1983 action over evacuation orders by county commissioners, court holds that because of Williamson, substantive and procedural due process claims could not be brought). Therefore, all of Plaintiffs' federal claims, including the substantive due process, equal protection and seizure claims are not cognizable in federal court because Plaintiffs have not shown that compensation has been or will be denied in the pending state condemnation procedures. See Williamson County Regional Planning Co. v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985) (holding that plaintiff's § 1983 action was premature because it had not obtained a final decision regarding the application of the ordinance and regulation to its property, utilized the state procedures for obtaining just compensation, or sought variances that would have allowed it to develop the property according to its proposed plot). See also Halverson v. Skagit County, 42 F.3d 1257, 1262-63 (9th Cir. 1994) (Washington state law which provided procedure through inverse condemnation action was

---

[9]This case is cited pursuant to 10th Cir. R. 36.3(B).

sufficient in situation involving failure of county to compensate floor plain residents for use of their property prior to operating and maintaining diking system which could divert water onto their land); Eide v. Sarasota County, 908 F.2d 716, 721, 726 (11th Cir. 1990) (property owner must obtain final decision regarding applications of ordinance to his property or show that it would be futile to attempt to obtain such); Cassettari v. Nevada County, 824 F.2d 735, 738-39 (9th Cir. 1987) (no § 1983 action for taking where state procedure exists by which property owner can seek just compensation); Anthony v. Franklin County, 799 F.2d 681 (11th Cir. 1986) (termination of ferry service not a taking under the 5th Amendment and not a violation of substantive due process, where state procedures were not shown to be inadequate); and Four Seasons Apartment v. City of Mayfield Heights, 775 F.2d 150, 151-52 (6th Cir. 1985) (alleged damages for rescission of building permit must be pursued through state inverse condemnation procedure; furthermore, rescinding of building permit without hearing did not violate due process where developers did not begin construction for over three years and their permit was rescinded due to a change in circumstances).

Plaintiffs' state law remedies prelude any federal claims in this lawsuit. In Stachowski v. Town of Cicero, 425 F.3d 1075, 1076-78 (7th Cir. 2005), a former police officer who was suspended without pay for approximately six years until he was terminated brought a § 1983 action, but the court held that his post-deprivation remedy, with regard to the time he spent unable to collect his pay during the time of his suspension, was adequate under state law. Therefore, the court granted the municipality's motion to dismiss with regard to the officer's federal claim. Id. The court in Stachowski stated that a plaintiff's subjective belief that the board's order concerning his status had no effect cannot form the basis of a due process claim. Id. at 1078. See also Chalfy v. Turoff, 804 F.2d 20, 22 (2d Cir. 1986) (when evidence showed only that taxi commission was, at most, a bit

overzealous in stopping and ticketing plaintiff's unlicensed limousine and in requiring strict adherence to its hearing procedure, no § 1983 claim was shown).

In McGruder v. Will, 204 F.3d 220 (5th Cir. 2000), evicted tenants sued deputies and a warehouseman under § 1983, alleging that their due process rights were violated when certain property was seized during the eviction, despite their protests. The court held, however, that the tenants' § 1983 claims were barred because they had adequate state post-deprivation remedies. See also McLaughlin v. Weathers, 170 F.3d 577, 581-83 (6th Cir. 1999) (holding that even if a Tennessee attachment statute did not afford adequate due process, the plaintiff could not recover under § 1983 when adequate state remedies were available).

In enacting 42 U.S.C. § 1983, Congress has created a federal cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. Town of Castle Rock v. Gonzales, 545 U.S. 748, 755, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005). In the present case, the City removed this case to federal court because a party is entitled to have a federal court interpret the application the United States Constitution and 42 U.S.C. § 1983 to the City's actions.

## IV.   WITH REGARD TO COUNT FIVE OF THE PETITION, THERE ARE NOT SUFFICIENT ALLEGATIONS OF ANY VIOLATION OF PLAINTIFFS' SUBSTANTIVE DUE PROCESS RIGHTS.

As is noted in I and III, supra, none of Plaintiffs' constitutional claims in the three Counts of the Complaint are ripe for adjudication in this federal court case. This includes the substantive due process claim of Count Five of the Petition (¶¶ 48-49). See Signature Properties International v. City of Edmond, 310 F.3d 1258 (10th Cir. 2002) (holding that a developer's § 1983 federal court action was not ripe with regard to a substantive due process claim, as well as state law claims);

Bateman v. City of West Bountiful, 89 F.3d 709 (10th Cir. 1996) ("the ripeness requirement of Williamson applies to due process and equal protection claims that rest on the same facts as a concomitant takings claim."); and Willis v. Public Service Company of Oklahoma, 182 F.3d 931 (10th Cir. 1999) (unpublished) ("this ripeness rule encompasses other constitutional claims which fall squarely within the primary purview of the [Just Compensation Clause] in this context, such as the due process, equal protection, and access to courts infirmities plaintiff alleges with respect to the state eminent domain proceeding.").

However, even if this § 1983 action was ripe (which it is not), Plaintiffs' contention in Count Five of the Petition that the actions of the City violated the Plaintiffs' federal substantive due process rights must fail. The Supreme Court has "'always been reluctant to expand the concept of substantive due process.'" County of Sacramento v. Lewis, 523 U.S. 833, 842, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). In Lewis, the Court stated that where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims. Id.

In the present case, the actions alleged were all taken pursuant to state court proceedings and state court orders. (Petition, ¶¶ 18-24). Therefore, there can be no substantive due process violation. See City of Cuyahoga Falls v. Buckeye Community Hope Foundation, 538 U.S. 188, 123 S. Ct. 1389, 155 L. Ed. 2d 349 (2003) (holding that subjecting a site plan ordinance to the city's referendum process, regardless of whether that ordinance reflected an administrative or legislative decision, did not constitute arbitrary governmental conduct in violation of due process).

Whether the correct state statute was used in the initial condemnation action is irrelevant

13

because an issue of state law is not cognizable in a 42 U.S.C. § 1983 action. The issue in this case alleged by Plaintiffs regarding which condemnation proceeding was the proper one is a question of state law, and therefore, is not cognizable under 42 U.S.C. § 1983. This is because 42 U.S.C. § 1983 provides a remedy "for deprivation of rights secured by the Constitution and laws of the United States." Lugar v. Edmondson Oil Co., 457 U.S. 922, 924, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) (emphasis added). See also See Collins v. City of Harker Heights, 503 U.S. 115, 119, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992) (noting that § 1983 "does not provide a remedy for abuses that do not violate federal law."); Boling v. Romer, 101 F.3d 1336, 1338 n.2 (10th Cir. 1996) (holding that state law concerns do not support a § 1983 plaintiff's claims for relief under federal civil rights statutes); Phillips v. Calhoun, 956 F.2d 949, 954 (10th Cir. 1992) (noncompliance with local law does not constitute a violation of federal due process rights).

The only relevant issue is whether the government provided a process by which Plaintiffs can be justly compensated. As has been noted, Plaintiffs have an available remedy, through the pending condemnation action that is on appeal in the state court system. Damages in state court for just compensation are the normal remedy for a takings case. Daniel v. County of Santa Barbara, 288 F.3d 375, 384 (9th Cir. 2002) (holding that a claim for damages for a taking would not be ripe because plaintiffs had not used available state remedies to seek just compensation).

There is no case that supports Plaintiffs' legal position that they are entitled to damages under 42 U.S.C. § 1983 in this case. Plaintiffs are not being deprived of any adequate state law remedy for their loss, and are not suffering any constitutional loss of property interest. Plaintiffs can recover under available state condemnation and tort procedures. Okla. Const. Art. 2, §§ 23 & 24; Okla. Stat.

tit. 27, §§ 14 & 16; Okla. Stat. tit. 11, § 38-111; Okla. Stat. tit. 66, §§ 53-57.[10] See also City of Midwest City v. House of Realty, 2004 OK 56, 100 P.3d 678, 687; Allen v. Transok Pipe Line Co., 1976 OK 53, 552 P.2d 375, 382.

The documents filed in CJ-2004-9568 show that in the present case there was only one taking of property, and that the taking was authorized by actions of the City before and after the Oklahoma Supreme Court's decision in City of Midwest City v. House of Realty, 2004 OK 56, 100 P.3d 678, 687.[11] From beginning to end, there has been one development project, and Plaintiffs' land and property has always been a part of the project area. The documents presented to the Oklahoma County District Court in CJ-2004-9568 show that on May 28, 2002 in Resolution 2002-11, the City found the Project Area to be blighted. The Resolution findings included "blight" conditions identified in the Urban Renewal Law, Okla. Stat. tit. 11, § 38-101(8). On August 27, 2002, the City enacted Ordinance 2852, which adopted and approved the Midwest City Downtown Redevelopment Project Plan for the Project Area. The Project Plan approved by Ordinance No, 2852 specifically stated the bases of Project Area eligibility, including an express finding of "arrested economic development," which the Oklahoma Supreme Court would later hold could "be used to show blight for purposes of the Urban Renewal Act. 11 O.S. § 38-101(8)." City of Midwest City v. House of

---

[10]The provisions of condemnation relating to railroads in Okla. Stat. tit. 66, §§ 51-66 are generally to be used in eminent domain proceedings. Board of Commissioners v. Lowery, 2006 OK 31, 136 P.3d 639-52; Okla. Stat. tit. 11, § 38-111(D).

[11]The historical discussion in this case is taken from pages 2-3 of Plaintiff's Response to Defendant House of Realty Inc.'s Motion to Instruct Commissioners, with Supporting Brief, filed in CJ-2004-9568 on February 18, 2005 (Exhibit 5, attached); and pages 1-3 of Plaintiffs' Joint Motion to Confirm Commissioner's Report and Response to Exceptions to Report of Commissioners and Demand for Jury Trial of Defendant House of Realty, Inc., filed in CJ-2004-9568 on December 20, 2005 (Exhibit 6, attached).

15

Realty, Inc., 2004 OK 56, 100 P.3d 678, 690. On October 12, 2004, the City Council of Midwest City passed Resolution No. 2004-05, and made specific findings concerning "blight." On October 13, 2004, the City's Board of Authority approved Resolution No. URA 2004-07, which authorized the acquisition of the property involved in this case.

Plaintiffs have a complete legal remedy in state court with regard to the property in question. In Sullivant v. City of Oklahoma City, 1997 OK 68, 940 P.2d 220, 224, the court stated that recovery under Okla. Const. Art. 2, § 24 is that, "Just compensation shall mean the value of the property taken, and in addition, any injury to any part of the property not taken."

Plaintiffs have contended that the state district court is improperly limiting their damages. However, the Constitution of Oklahoma, state statutes and case law provide a complete remedy for all condemnation processes and tort loss suffered by the Plaintiffs. Okla. Const. Art. 2, §§ 23 & 24; Okla. Stat. tit. 27, §§ 14 & 16; Okla. Stat. tit. 11, § 38-111(F). For their damages argument, Plaintiffs previously relied on the state district court's order of August 1, 2005. However, this order is inconsistent with Oklahoma law, which does provide a full remedy for the losses Plaintiffs claim to have suffered. If Plaintiffs have a complaint about the rulings of the state district court, their remedy lies with an appeal to the Oklahoma Supreme Court, which has previously ruled in a manner consistent with complete and adequate damages to be recovered by the Plaintiffs. Furthermore, Plaintiffs are still entitled to a jury determination of damages in this case. Okla. Stat. tit. 11, § 38-111(E).

The City has previously pointed out in I, supra, that Plaintiffs are entitled to recovery in Oklahoma state courts in tort as well as in condemnation proceedings. In Allen v. Transok Pipe Line Co., 1976 OK 53, 552 P.2d 375, 382, the Oklahoma Supreme Court held that the landowner suing

the entity causing tort injury is not limited only to damages recoverable in a condemnation proceeding, but may recover for all damages sustained as a result of the tortfeasor's willful and wanton conduct.

These issues in this case are still being litigated in the Oklahoma state court system, which, as was noted above, authorizes a jury determination of Plaintiffs' damages after the Commissioners' determination, pursuant to Okla. Stat. tit. 11, § 38-111(E); Okla. Stat. tit. 27, §§ 14[12] & 16; and Okla. Stat. tit. 66, § 55. See "Exceptions to Report of Commissioners and Demand for Jury Trial of Defendant House of Realty, Inc." filed on December 2, 2005, CJ-2004-9568. (Exhibit 8, attached). On November 20-22, 2006 a bench trial was conducted in the state district court in CJ-2004-9568 and CJ-2002-2048. On January 22, 2007, the state court ruled that the City's Urban Renewal Plan was validly adopted, the City's findings of blight were sustained, the City's exercise of eminent domain pursuant to the Urban Renewal Plan was proper, and the landowners' (Plaintiffs') exception to the Commissioners' report was denied. See Exhibit 10, attached. Plaintiffs appealed to the Oklahoma Supreme Court the state court's ruling in this regard, and there is an entry dated April 16 and 17, 2007, on both appellate docket sheets reflecting that these state court cases are companion cases. Exhibits 11 and 12 attached. Therefore, it is clear that these proceedings are related.

Plaintiffs also could have sought recovery against the City in state court pursuant to the Oklahoma Governmental Tort Claims Act. Okla. Stat. tit. 51, §§ 151-171. This includes an action directly against the City for its alleged torts. See Okla. Stat. tit. 51, § 152(11) (defining "tort" as "a legal wrong, independent of contract, involving violation of a duty imposed by general law or

---

[12]Okla. Stat. tit. 27, § 14 permits recovery for buildings and structure on the property taken for public use.

otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment."). A city or other governmental entity is clearly liable for "its torts," intentional or otherwise. Okla. Stat. tit. 51, § 153(A). See also Okla. Stat. tit. §§ 152(11); Zachary v. State ex rel. Department of Corrections, 2001 OK CIV APP 120, 34 P.3d 1171 (claim against a political subdivision for retaliatory discharge for filing a workers' compensation claim must be asserted like any other tort claim under the Tort Claims Act; it must be instituted within one year of the termination); Sullivant v. City of Oklahoma City, 1997 OK 68, 940 P.2d 220, 222-23; 225 (city can be sued by landlord under OGTCA for police officer's failing to give proper notice prior to breaking and entering to execute a search warrant). In the present case, however, Plaintiffs failed to allege that they submitted a notice of tort claim pursuant to the Oklahoma Tort Claims Act,[13] which is a requirement for recovering for alleged, non-condemnation related damages. Therefore, they are barred from recovery under that Act. It was Plaintiffs' choice not to submit a notice of tort claim.

In Sullivant v. City of Oklahoma City, 1997 OK 68, 940 P.2d 220, 224-27, the court held that the takings clause of the Oklahoma Constitution, Okla. Const. Art. 2, § 24, applies to situations where real property is actually taken and used for a public project. Id. at 224. And, as was noted above, the court in Sullivant noted that under Okla. Stat. tit. 27, § 16, real property that is acquired for public use in a project or program using state, federal or local funds is entitled to just compensation. Id. at 224 n.2. Therefore, it is clear that Plaintiffs in the present case had the right

---

[13]Before suit is brought against the state or political subdivision, written notice must be given within one year, or a claim is "forever barred." Okla. Stat. tit. 51, § 156(B); Pellegrino v. State ex rel. Cameron University, 2003 OK 2, 63 P.3d 535, 537. This notice is a prerequisite to suit under the Tort Claims Act. Shanbour v. Hollingsworth, 1996 OK 67, 918 P.2d 73, 75.

to recover in Oklahoma state courts for their alleged losses.

Plaintiffs may claim that the city violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution by destroying Plaintiffs' businesses, residences and structures and by impermissibly evicting them. Of course, no act regarding Plaintiffs' businesses, residences and structures was undertaken without the imprimatur of the Oklahoma County District Court, and without notice to the Plaintiffs. The City again points out that everything it undertook in this case was pursuant to state judicial process and court order. No act alleged was undertaken without approval of the District Court of Oklahoma County. On page 4 of their Response in CIV-06-179-HE, Plaintiffs conceded that "[i]n October 2003, following trial, the trial court ruled in favor of the City and the Hospital Authority . . . ." [Emphasis added]. (Dkt. No. 25). Therefore, full due process has been available to Plaintiffs in the state court system.

Plaintiffs have previously conceded that the Oklahoma state condemnation statute, Okla. Stat. tit. 11, § 38-111, does not provide for the type and nature of damages that Plaintiffs are seeking in this § 1983 lawsuit. But, as has been noted previously, Plaintiffs have a full tort remedy in state court for any alleged property loss. Damages in a § 1983 action are determined by the law of the state where the cause of action arises. In Robertson v. Wegmann, 436 U.S. 584, 587-90, 98 S. Ct. 1991, 56 L. Ed. 2d 554 (1980), the Court held that the method of determining survivorship in a §1983 action is the following: first, if federal civil rights law fails to furnish a particular rule, the most closely analogous state law may fill the vacuum only if it is consistent with the meaning and purpose of constitutional and federal statutory law. See also Pietrowski v. Town of Dibble, 134 F.3d 1006, 1008-09 (10th Cir. 1998) (holding that an action for malicious prosecution against the chief of police abated upon the death of the police chief, based on the state wrongful death statute).

In the present case, Oklahoma has selected the method and basis for determining the damages for property loss relating to condemnation processes and accompanying tort losses. Therefore, Plaintiffs are limited to that damage award. Plaintiffs may want other types of damages, but this does not entitle them to those damages as a part of a substantive claim under 42 U.S.C. § 1983.

Okla. Stat. tit. 11, § 38-111(F) provides a method and recovery in "[i] any proceeding to fix or assess compensation for damages for the taking (or damaging) of property, or any interest therein, through the exercise of the power of eminent domain or condemnation, . . . ." [Emphasis added]. The rest of that section sets forth the type of damages that are recoverable. This provision is expansive, and certainly is consistent with an appropriate state law remedy. And, as was discussed above, in reverse condemnation proceedings, plaintiffs are also entitled to appropriate redress for property loss. Okla. Const. Art. 2, §§ 23 & 24; Okla. Stat. tit. 66, §§ 53-57; Allen v. Transok Pipe Line Co., 1976 OK 53, 552 P.2d 375 (court sets forth tort remedies for wilful and wanton entry onto landowner's land by a condemner who fails to resort to regular condemnation proceedings). Okla. Const. Art. 2, § 24 requires that property taken for public use requires that the landowner be fully compensated for damages, and for costs, prejudgment interest, post-judgment interest, attorneys fees, expert witness fees and appraiser fees. Williams v. Natural Gas Co. v. Perkins, 1997 OK 72, 952 P.2d 483, 490-91.[14] In Williams, the court held that it "continued to recognize that a condemnation action is 'strictly controlled by the constitution and statutes.'" Id. at 491. In Williams, the court noted that just compensation under condemnation procedures is the amount that will make the

_____

[14]See Board of Commissioners v. Lowery, 2006 OK 31, 136 P.3d 639, 652-54 (holding that landowners in condemnations actions are entitled to attorneys' fees awards on appeal).

property owner whole. Id. at 487.[15]

## V. THE EQUAL PROTECTION CLAIM IS NOT RIPE FOR ADJUDICATION IN THIS 42 U.S.C. § 1983 ACTION; FURTHERMORE, PLAINTIFFS HAVE NOT ALLEGED THAT THEY HAVE BEEN DISCRIMINATED AGAINST ON THE BASIS OF RACE OR OTHER PROHIBITED BASIS.

In Count Five of the Petition, ¶ 48, Plaintiffs allege that their rights to equal protection under

the Fourteenth Amendment to the United States Constitution were violated. However, as has been

noted previously, this case is one involving a local condemnation proceeding. A plaintiff

challenging a condemnation proceeding cannot raise an equal protection challenge in federal court

pursuant to 42 U.S.C. § 1983. See Bateman v. City of West Bountiful, 89 F.3d 704, 709 (10th Cir.

1996) (stating that "the ripeness requirement of Williamson applies to due process and equal

protection claims that rest on the same facts as a concomitant takings claim."); and Willis v. Public

Service Company of Oklahoma, 182 F.3d 931 (10th Cir. 1999) (unpublished) (holding that the

"ripeness rule encompasses other constitutional claims which fall squarely within the primary

purview of the [Just Compensation Clause] in this context, such as the due process, equal protection,

and access to courts infirmities plaintiff alleges with respect to the state eminent domain

proceeding.").

In this case, as has been mentioned previously, the actions by the City were pursuant to an

order of the state district court. It would paralyze local and state government if equal protection

challenges to eminent domain proceedings were allowed. In order for such an action to proceed,

---

[15]The United States Supreme Court has noted that "it has long been settled that due process does not require condemnation of land to be in advance of its occupation by the condemning authority, provided only that the owner have opportunity, in the course of the condemnation proceedings, to be heard and to offer evidence as to the value of the land taken." Bailey v. Anderson, 326 U.S. 203, 205, 66 S. Ct. 66, 90 L. Ed. 2d 3 (1945).

there would be constant court battles over whether one landowner had been treated differently than a landowner in another eminent domain proceeding.

Furthermore, the Supreme Court has held that discriminatory intent is a prerequisite to a § 1983 case under the Equal Protection Clause of the Fourteenth Amendment. <u>Personnel Administrator of Massachusetts v. Feeney</u>, 442 U.S. 256, 272, 99 S. Ct. 2282, 60 L. Ed. 2d 870 (1979); <u>Washington v. Davis</u>, 426 U.S. 229, 96 S. Ct. 2040, 48 L. Ed. 2d 597 (1976). There has been no allegation in the present case of intent to discriminate against the Plaintiffs on the basis of race, gender, national origin, or on any other forbidden basis. Therefore, this is another reason why Plaintiffs' contentions that they were discriminated against in violation of the Fourteenth Amendment should fail. <u>See also</u> <u>City of Cuyahoga Falls v. Buckeye Community Hope Foundation</u>, 538 U.S. 188, 123 S. Ct. 1389, 155 L. Ed. 2d 349 (2003) (holding that neither the city's submission of a referendum petition to the voters with regard to the construction of low-income housing nor its refusal to issue building permits reflected the discriminatory intent required to support liability under the Equal Protection Clause). Furthermore, the present case is not a zoning case. <u>Cf.</u> <u>City of Cleburne v. Cleburne Living Center</u>, 473 U.S. 432, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (Court holds that a city violated the Equal Protection Clause when it failed to grant a special use permit for a group home for mentally retarded persons in an area zoned for multi-unit dwellings). This is an eminent domain case.

There has been no violation of Plaintiffs' equal protection rights in this case. In <u>Woodard v. Andrus</u>, 419 F.3d 348, 354 (5th Cir. 2005), the court held that a civil litigant's allegations in a §1983 action that the court clerk systematically charged and collected litigant fees in excess of, or not authorized by, state statute, and that litigants in her judicial district were treated differently from

those across the state, was not an equal protection claim where the litigant made no showing that the clerk selectively enforced the statute based on any impermissible ground. The court of appeals held that district court was correct in granting the defendant's Fed. R. Civ. P. 12(b)(6) motion. Id. See also Jennings v. City of Stillwater, 383 F.3d 1199, 1209-15 (10th Cir. 2004) (summary judgment was upheld where there was no evidence that the decision would have been different had the officers not treated the victim in a discriminatory fashion, and there was no showing that similarly situated persons were treated differently). In Jennings, the court rejected plaintiff's claim that she had suffered discrimination as a "class of one." See also Grubbs v. Bailes, 445 F.3d 1275, 1281-82 (10th Cir. 2006) (noting that in a case involving alleged inadequate investigation/prosecution of trespassing on a private corporation's property, a plaintiff must "'provide compelling evidence of other similarly situated persons who were in fact treated differently'").

## VI.    THERE IS NOT A SUFFICIENT ALLEGATION OF A CONSTITUTIONALLY COGNIZABLE SEIZURE IN THIS CASE.

In Count Seven of the Petition, ¶ 52, Plaintiffs allege that their eviction constituted a seizure in violation of the Fourth Amendment to the United States Constitution. In I and III, supra, the City pointed out that, with regard to actions surrounding condemnation, if state procedures have been utilized and there has been an attempt to secure compensation using available state remedies, then the action is not ripe for federal court adjudication with respect to any theory that the action is based on. Signature Properties International v. City of Edmond, 310 F.3d 1258, 1265 (10th Cir. 2002) (holding that a developer's § 1983 federal court action was not ripe with regard to a substantive due process claim, as well as state law claims); and Bateman v. City of West Bountiful, 89 F.3d 704, 709 (10th Cir. 1996) ("the ripeness requirement of Williamson applies to due process and equal

protection claims that rest on the same facts as a concomitant takings claim." Id. at 709).

Even if that was not the rule, there has been no seizure in this case that violates the United States Constitution, even if the allegations of the Complaint were true. A seizure that violates the Fourth Amendment usually entails the absence of judicial process. Cf. Soldal v. Cook County, 506 U.S. 56, 113 S. Ct. 538, 121 L. Ed. 2d 450 (1992) (holding that a trailer park owner's forcible removal of a trailer home from the park, assisted by a law enforcement officer, constituted a "seizure" of the home within the meaning of the Fourth Amendment). Soldal, however, does not apply to the present case because there the Supreme Court held that the forcible removal of a trailer home from a trailer park, without any judicial process, constituted a "seizure" of the home within the meaning of the Fourth Amendment. In the present case, the City has repeatedly stressed that this action regarding the property of the Plaintiffs was commenced and undertaken pursuant to full judicial process, and with notice and full opportunity to oppose the action provided to the Plaintiffs.

In this case, all actions of Defendants were pursuant to judicial orders, and judicial proceedings. House of Realty et al. v. City of Midwest City, CJ-2002-2048. See House of Realty, et al. v. City of Midwest, et al., 2004 OK 97, 109 P.3d 314; City of Midwest City v. House of Realty, 2004 OK 56, 100 P.3d 678. In the present case, there was no ex parte seizure of the property, as opposing counsel was present at all state court proceedings. Therefore, there was no seizure in this case as defined by Fourth Amendment jurisprudence.

## VII.   THE ACTION IS BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS.

The Complaint alleges that the condemnation suits began in the year 2001. (Petition, ¶ 17). The previous lawsuit, CIV-06-179, was filed on February 22, 2006. The commencement of the condemnation actions were more than two years prior to the filing of this lawsuit. Therefore, the two

year statute of limitations applies, and this lawsuit should be barred for this reason. See Alexander v. Oklahoma, 382 F.3d 1206, 1212 n.1 (10th Cir. 2004) (two-year statute of limitations in Oklahoma for statute of limitations actions). "'A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the actions.'" Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005).

## VIII. DEFENDANT REQUESTS THE COURT TO DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY ALLEGED STATE CLAIM, AND DISMISS THIS CASE IN ITS ENTIRETY.

The City also respectfully requests the Court to exercise its discretion in its favor, and dismiss the pendent state claims as well as the federal ones. See 28 U.S.C. § 1367(c). Because the federal claims in Counts 5, 6 and 7 should be dismissed, the remaining state claims should also be dismissed in its entirety by this Court. See Summum v. Duchesne City, 482 F.3d 1263, 1276 n.6 (10th Cir. 2007) (noting that in Snyder v. Murray City Corp., 124 F.3d 1349, 1354-55 (10th Cir. 1997), the Tenth Circuit had reversed the district court's decision to exercise supplemental jurisdiction over claims involving Utah's free exercise and establishment clauses when the district court had resolved the federal claims prior to trial).

## CONCLUSION

For the reasons stated, Defendants respectfully request the Court to dismiss the Complaint filed in this case as to all claims and all Defendants.

Respectfully submitted,

_David W. Lee, OBA #5333_

_Ambre C. Gooch, OBA #16586_

COMINGDEER, LEE & GOOCH
6011 N. Robinson Avenue
Oklahoma City, OK 73118-7425
Phone: (405) 848-1983/Fax: (405) 848-4978
Email address: leelawok@swbell.net

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

This is to certify that on June 18, 2007, I electronically transmitted this document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Stanley M. Ward
Woodrow K. Glass
Scott F. Brockman
Ward & Glass, L.L.P.
One Corporate Center, Suite 350
2600 John Saxon Blvd.
Norman, OK 73071

Terry Guy Shipley
2600 Van Buren, Suite 2633
Norman, OK 73072

_Ambre C. Gooch_