IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT J. BARTON, et al., )
)
                Plaintiffs, )
)
vs. ) Case No. CIV-07-578-HE
)
CITY OF MIDWEST CITY, et al., )
)
                Defendants. )

**DEFENDANTS' REPLY BRIEF**

Pursuant to the Court's Order entered August 17, 2007 (Dkt. No. 18), Defendants City of Midwest City and Midwest City Memorial Hospital Authority (herein jointly referred to as "the City") file this Reply to Plaintiff's Response to Defendants' Motion and Brief to Dismiss (Dkt. No. 14).

I. **LANDOWNERS OBJECTED TO, AND FAILED TO PURSUE, DAMAGES IN STATE COURT FOR THE DEMOLITION OF THEIR BUILDINGS, AND THE PARTIES CANNOT BY AGREEMENT, ACQUIESCENCE, OR OTHERWISE CREATE A REMEDY IN FEDERAL COURT WHERE NO REMEDY EXISTS UNDER 42 U.S.C. § 1983 JURISPRUDENCE.**

Landowners[1] argue their Response at page 3 that they "do not have a remedy for their Demolition Damages–either in tort or in condemnation . . . ." [Emphasis original] (Dkt. No. 14). However, the City has repeatedly pointed out in its Motion and Brief to Dismiss (Dkt.

---

[1] In the state court condemnation proceeding which the parties repeatedly refer to in their pleadings in this case, the City was the plaintiff and the Landowners were the defendants. In this Reply, the undersigned refers to and attaches various pleadings filed by the parties in the state court condemnation proceeding. To avoid confusion in this case between the parties, the undersigned will refer to Plaintiffs or Defendants in this lawsuit as Landowners or City. respectively.

No. 9) that Landowners are entitled to seek recovery in Oklahoma state courts in tort, as well as pursuant to condemnation proceedings, by virtue of the case of Allen v. Transok Pipe Line Co., 1976 OK 53, 552 P.2d 375, 382.  Further elaboration of the holding of the Allen case would be redundant, to say the least, but Landowners also admit at page 11 of their Response that "Allen v. Transok Pipe Line Co., 1976 OK 53, 552 P.2d 375, authorizes Landowners to seek recovery in Oklahoma state courts in tort."

In their Response at page 3, footnote 2, Landowners contend that they have no remedy for demolition damages because of the district court's[2] Order of August 1, 2005.  This August 1, 2005 Order is attached as Exhibit 1 to this Reply and is addressed more fully below.  However, an examination of the pleadings filed by the parties in the district court demonstrates that Landowners are largely responsible for the relief provided for in that August 1, 2005 Order filed in the district court.

On November 23, 2004, the City filed a Petition to Select and Summon Commissioners in the district court.  See Exhibit 2, attached.  At ¶ 13 of that Petition, the City stated that it would "pay or reimburse moving costs incurred by eligible defendants [Landowners] and provide relocation assistance and benefits."  In the "Wherefore" clause found at page 8 of that Petition, the City requested that three commissioners be appointed "to inspect the Property pursuant to instructions from the Court and to consider the injury that the owner of the Property will or may sustain by reason of the appropriation of the Property,

---

[2]"district court" in the lower case, will refer to the District Court of Oklahoma County.

2

<u>including demolition of structures thereon, and to determine just compensation due to the owner . . . .</u>" [Emphasis supplied]. <u>See</u> Exhibit 2, attached.

Thereafter, on January 27, 2005, both Landowners and City filed their requested instructions to be given to the commissioners regarding a determination of the value of the property. The City requested that the following instruction be given:

> 5.    . . . . The property includes the land and any buildings or other things that are included. In addition to a reasonable and adequate allowance for the property owners' moving costs, the fair market value in this case is the greater of the value of the land with the structures which were removed on or about April 30, 2004, or the value of the land without the structures plus a reasonable and adequate allowance for the property owners' moving costs. For purposes of valuation, the date of taking shall be April 30, 2004, or the present, whichever is greater.

<u>See</u> Exhibit 3, attached, City's Motion and Brief on Requested Instructions filed in the district court (City's requested Instruction Number 5) at 4.

As the City stated in its Motion on Requested Instructions filed in the district court, because structures were removed on or about April 30, 2004 "pursuant to orders entered by the trial court in the prior condemnation action," in order to compensate [landowners] fully without duplicating compensation, "they should be awarded the greater value of the land with the structures or the land without the structures." <u>See</u> Exhibit 3, attached, City's Motion and Brief on Requested Instructions filed in the district court at 5.

However, Landowners did not request compensation for the April 30, 2004 destruction of the buildings in their requested instructions. In fact, Landowners opposed such an award in their Response and Objections to the City's Proposed Instructions filed in

3

the district court on February 22, 2005. See Exhibit 4, attached. At page 8 of their Objection filed with this district court, Landowners stated that the City's Proposed Instruction No. 5 was an "inappropriate" attempt to have "the Commissioners award Landowners damages for moving costs and demolition of his buildings." See Exhibit 4, attached. At page 10, Landowners stated that "the appraisers should not become involved in determining the value of buildings which are not on the premises at the date of taking, but which were demolished long before the [Urban Renewal Authority] even came into existence." See Exhibit 4, attached.

On August 1, 2005, the district court entered its Order (about which Landowners now complain) instructing the commissioners as to value and damages to be awarded Landowners in state court condemnation proceedings. Here, the district court <u>sustained the Landowners' objection to the City's requested instructions on the issue of damages</u>. [Emphasis supplied]. See Exhibit 1, attached, August 1, 2005 Order at ¶¶ 1, 3. Thus, Landowners were successful in district court in preventing damages being awarded to them for the demolition of their structures, despite the City's efforts to provide damages to the Landowners for the demolition of their structures.

More importantly, even if the City had agreed with and/or joined in Landowners' request in the state court condemnation proceedings to <u>not</u> obtain damages for the demolition of the building, the holding of <u>Allen</u> and related statutes and cases make it clear that the state district court was the proper forum to hear the condemnation action, or a reverse

4

condemnation action, or a state tort action for damages to related to the demolition of the buildings. In view of this, the important federalism principle, and what Professor Charles Alan Wright called "a cardinal rule," that in federal court "parties may not create or destroy federal jurisdiction by agreement or by consent." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, at 128 (2004). In this federal case, Landowners are attempting to create a federal remedy that does not otherwise exist by proceeding with their alleged federal claims based on actions and positions the Landowners took in the state court condemnation proceedings. Again, Landowners themselves urged the state district court to not entertain the issue of damages for the demolition of their structures.

The dual concept that federal jurisdiction cannot be created or waived by parties has recently been reaffirmed by the Supreme Court. Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006). "'[S]ubject- matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived.'" In the present case, because the limits on federal jurisdiction over zoning and related issues have been expressed by the Supreme Court, and in absence of any case or precedent cited by Landowners authorizing a federal court to become so deeply intertwined in so purely a local matter as this case represents, this Court was correct in dismissing the previous federal lawsuit by the Landowners where they attempted to create a state tort and condemnation action into a federal lawsuit. "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh, 126 S. Ct. at

5

1244.

In the present case, Landowners are essentially requesting this Court create a new cause of action for damages to property when a city has been authorized by a state court to demolish buildings pursuant to its condemnation powers. The City requests the Court to decline to do this under the rubric of 42 U.S.C. § 1983 jurisprudence, which must be the basis for the Landowners' presentation of federal claims. In <u>Wilkie v. Robbins</u>, ___ U.S. ___, 127 S. Ct. 2588, ___, L. Ed. 2d ___ (2007), the Court held that there was no <u>Bivens</u> claim[3] based on a theory of retaliation for a plaintiff's exercising his property right, or on a general theory of unjustifiably burdening his rights as a property owner. The Court declined to devise a new <u>Bivens</u> damages action for the exercise of property rights, in addition to the discrete administrative and judicial remedies available to a landowner in dealing with the government's employees. <u>Id.</u> at 2597.

In <u>Wilkie</u>, the Court declined, "to create a new and freestanding remedy in damages" for such an allegation. <u>Id.</u> at 2598. The Court refused to do so, and advised court to pay "special heed, . . . to any special factors counseling hesitation before authorizing a new kind of federal litigation." <u>Id.</u> The Court noted that the landowner "has an administrative, and ultimately a judicial, process for vindicating virtually all of his complaints." <u>Id.</u> at 2600.

---

[3] A <u>Bivens</u> action is the federal analog to suits brought against state officials under 42 U.S.C. §1983. <u>Hartman v. Moore</u>, 547 U.S. 250,126 S. Ct. 1695, 1700 n.2, 164 L. Ed. 2d 441 (2006). Courts draw no distinction between 42 U.S.C. §1983 lawsuits against state officials and suits against federal officials under the Constitution. <u>McFall v. Bednar</u>, 407 F.3d 1081, 1087 (10th Cir. 2005).

6

The Court also noted that the claim presents "a difficulty in defining a workable cause of action." Id. at 2601. The Court stated that here that "a Bivens cure would be worse than the disease." Id. at 2604.

II. **LANDOWNERS ARE JUDICIALLY ESTOPPED FROM CONTENDING IN THIS COURT THAT THEY ARE ENTITLED TO DEMOLITION RELATED DAMAGES, SINCE THEY OPPOSED THE AWARD OF THESE DAMAGES IN STATE COURT.**

As discussed in Proposition I, in the state court condemnation proceedings, the City sought to allow Landowners to obtain damages for the demolition of the building, but Landowners opposed this position. Landowners should now be judicially estopped from taking a contrary position in this Court. In Johnson v. Lindon City Corp., 405 F.3d 1065, 1069-70 (10th Cir. 2005),[4] an action brought pursuant to 42 U.S.C. § 1983, the court held that under the doctrine of judicial estoppel, where a party assumes a certain legal position in the proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position. The court in Johnson held that arrestees were judicially estopped from asserting a civil rights claim in federal court, contesting the validity of the arrest, where the arrestees had entered pleas in abeyance in state court in which they admitted they had attempted to use unlawful force or violence to do

---

[4] The court in Johnson, 405 F.3d at 1068-69, applied, for the first time, the judicial estoppel principles of the Supreme Court case of New Hampshire v. Maine, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). The court noted that the Supreme Court in Maine had stated that judicial estoppel may be invoked "'to prevent 'improper use of judicial machinery.'" 405 F.3d at 1068.

7

bodily injury to another person, and the state court accepted the pleas in abeyance, and the state agreed to dismiss misdemeanor assault charges as a result. Id. at 1069-70.

In Thore v. Howe, 466 F.3d 173, 182-87 (1st Cir. 2006), the court held that the arrestee's § 1983 action against the police officer who shot him was barred by the doctrine of judicial estoppel, where the arrestee admitted that his claim was directly inconsistent with the facts that he had admitted in his plea colloquy when he pleaded guilty in state court. In their 42 U.S.C. §1983 claims in this case, Landowners are seeking to obtain damages for the demolition to their structures. Yet, that position is completely contrary to the position they took in the state court condemnation proceedings.

### III. IN THEIR RESPONSE, LANDOWNERS CONCEDE THAT THEY HAVE NO 42 U.S.C. § 1983 CLAIM IN THIS CASE.

At page 13 of their Response, Landowners concede that if they "are able to seek recovery of their tort damages in the state court case, the predicate for seeking relief under 42 U.S.C. § 1983 doesn't exist." Landowners also admit at page 11 of their Response that "Allen v. Transok Pipe Line Co., 1976 OK 53, 552 P.2d 375, authorizes Landowners to seek recovery in Oklahoma state courts in tort." This Court also noted in its August 29, 2006 Order dismissing Landowners' first, federal lawsuit, that "[t]he ongoing condemnation action in state court may ultimately result in adequate compensation for the damages suffered by plaintiffs" and Landowners can "pursu[e] an inverse condemnation action in state court to recover any damages suffered as a result of the City's initial attempts to condemn their property." (CIV-06-179-HE, Dkt. No. 79 at 7-8). There is simply no dispute that

8

Landowners can recover in state court alleged damages regarding the demolition of the structures on their property.

## CONCLUSION

For the reasons stated in this Reply Brief and in their Motion and Brief to Dismiss (Dkt. No. 9), the Defendants respectfully request the Court to dismiss all claims contained in the Complaint.

Respectfully submitted,

_____
David W. Lee, OBA #5333
Ambre C. Gooch, OBA #16586

COMINGDEER, LEE & GOOCH
6011 N. Robinson Avenue
Oklahoma City, OK 73118-7425
Phone: (405) 848-1983/Fax: (405) 848-4978
Email address: acgooch@swbell.net

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on August 20, 2007, I electronically transmitted this document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

>Stanley M. Ward
>Woodrow K. Glass
>Scott F. Brockman
>Ward & Glass, L.L.P.
>One Corporate Center, Suite 350
>2600 John Saxon Blvd.
>Norman, OK 73071

Terry Guy Shipley
2600 Van Buren, Suite 2633
Norman, OK 73072

_____
Ambre C. Gooch