

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.
AUG 0 1 2005
PATRICIA PRESLEY, COURT CLERK
by _____
Deputy

| | |
|---|---|
| CITY OF MIDWEST CITY, a body corporate and politic, and a duly constituted municipality; and MIDWEST CITY URBAN RENEWAL AUTHORITY, a public body corporate,<br><br>    Plaintiffs,<br><br>v.<br><br>HOUSE OF REALTY, INC.; et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CJ-2004-9568<br>)<br>)<br>)<br>)<br>) |

## ORDER

On the 2nd day of June, 2005, came on for hearing Defendant House of Realty, Inc.'s Motion to Settle Journal Entries; and Plaintiffs' Response to House of Realty, Inc.'s Motion to Settle Journal Entries and Cross-Motion to Settle Journal Entries and Supporting Brief; on the 14th day of April, 2005, came on for hearing both parties' supplemented motions to instruct commissioners on the determination of damages due to the appropriation of property as described in the petition herein. Plaintiff Midwest City Urban Renewal Authority (the "Authority") appeared by and through its counsel of record James Dan Batchelor, Emily K. Pomeroy, and John C. McMurry of CENTER FOR ECONOMIC DEVELOPMENT LAW; Plaintiff City of Midwest City (the "City") appeared by and through its counsel of record James R. Waldo of MOCK, SCHWABE, WALDO, ELDER, REEVES & BRYANT, PLLC, and Katherine E. F. Bolles, City Attorney; Defendant Landowner and Tenants (the "Landowner and Tenants") appeared by

1

DEFENDANTS'
EXHIBIT 1

and through their counsel of record Terry Guy Shipley.

Argument for the Authority and the City was presented by James Dan Batchelor, and argument for the Landowner and Tenants was presented by Terry Guy Shipley. The Landowner by and through its counsel of record stated that it waives its claim to certain damages. A written memorialization of the waiver by the Landowner is attached to this Order as Exhibit 1.

WHEREUPON, the Court, considering the above-described waiver and having read all motions and briefs relating to settling the Journal Entries and instructing commissioners filed herein and having heard the argument of counsel on both April 14, 2005, and June 2, 2005, FINDS, CONCLUDES AND ORDERS that:

1. The position of the Defendant Landowner and Tenants is SUSTAINED.

2. The waiver of the Defendant Landowner, Exhibit 1 to this Order, is approved.

3. The commissioners are to be instructed to value the property and determine injury or damages as of the present time. Therefore,

    a. The Commissioners will not be instructed to give any value or damages for any injury to or destruction of structures previously existing on the property which destruction occurred on or about April 30, 2004;

    b. The Commissioners will not be instructed to give any value or damages for moving costs or costs of relocation because at the present time there are no structures or occupants of the property described in the First Amended Petition.

4. The instructions attached as Exhibit 2 to this Order are approved by

the Court as the proper measure of damages for the appropriation by either the Midwest City Urban Renewal Authority or, in the alternative, by the City of Midwest City of Defendants' property as described in the First Amended Petition.

SO ORDERED THIS __1__ DAY OF _August_, 2005.

_____
Vicki L. Robertson
District Judge

VICKI ROBERTSON
DISTRICT JUDGE

OK AS TO FORM:

Katherine E. F. Bolles  OBA #13968
City Attorney
100 North Midwest Boulevard
P. O. Box 10570
Midwest City, OK  73140

-and-

MOCK, SCHWABE, WALDO, ELDER, REEVES & BRYANT,
a Professional Limited Liability Company

By: _____
James R. Waldo  OBA #9278
Fourteenth Floor
Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102
Ph. (405) 235-1110
ATTORNEYS FOR PLAINTIFF, CITY OF MIDWEST CITY

-and-

CENTER FOR ECONOMIC DEVELOPMENT LAW

By: *[signature]*
James Dan Batchelor   OBA #594
Leslie V. Batchelor  OBA #15722
John C. McMurry  OBA #6069
Emily K. Pomeroy   OBA # 19912
301 N. Harvey, Suite 200
Oklahoma City, OK  73102
Ph. (405) 232-4606
ATTORNEYS FOR MIDWEST CITY URBAN RENEWAL AUTHORITY

*[signature]*
Terry Guy Shipley   OBA # 8183
2600 Van Buren, Suite 2633
P. O. Box 721690
Norman, OK  73070
Ph. (405) 360-4200
Fax (405) 360-4284
ATTORNEY FOR LANDOWNER AND TENANT DEFENDANTS
HOUSE OF REALTY, INC., et al.

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| CITY OF MIDWEST CITY, a body corporate and politic, and a duly constituted municipality; and MIDWEST CITY URBAN RENEWAL AUTHORITY, a public body corporate,<br>　　　　　　　　Plaintiffs,<br>v.<br><br>HOUSE OF REALTY, INC.; et al.,<br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CJ-2004-9568<br>)<br>)<br>) |

### LANDOWNER'S WAIVER OF CERTAIN DAMAGES

Defendant House of Realty, Inc., on its own behalf and on behalf of its successors and assigns ("Landowner"), states that on June 2, 2005, in order to induce this Court to delete certain Instructions to Commissioners, Landowner, by and through its counsel of record Terry Guy Shipley, represented that it would and did waive any claim to the damages below-described in paragraph 4.

Now, therefore, in consideration of the foregoing and other good and valuable consideration, Landowner states:

　　1.　　Landowner makes the following representations to the Court and to each of the above-styled Plaintiffs.

　　2.　　Both the Court and each of the above-styled Plaintiffs are entitled to rely on and enforce all waivers and representations.

　　3.　　Landowner represents that it is sole record owner of the real property described in Exhibit 1-A (the "Remaining Property") and Exhibit 1-B (the "Right-of-Way Property") to the First Amended Petition in the above-styled action.

　　4.　　In the event the Right-of-Way Property is condemned through

1

Exhibit 1

power of eminent domain, Landowner does now and forever WAIVE and intentionally relinquish any and all claims for damages to the Remaining Property of every nature, known or unknown, now existing or arising in the future, as a result of any and all of the following:

    a. separation of the Remaining Property from the Right-of-Way Property;

    b. loss of any right of access to and from Air Depot Blvd. as long as reasonable access is provided to and from Boeing Drive (on the north side) and Brett Drive (on the east side);

    c. construction or redevelopment on or around the Right-of-Way Property, whether such damage is a direct or indirect result of construction or redevelopment, as long as such construction or redevelopment is performed in a workmanlike manner.

Landowner expressly reserves and excepts from the foregoing waiver any claim for damages resulting from demolition of structures on or about April 30, 2004, which then existed on the Remaining Property.

    5.    Landowner represents: it is a corporation organized, validly existing and in good standing under the laws of the State of Oklahoma; it has full power, right and authority to execute and deliver this Waiver which has been duly authorized by all requisite action on the part of Landowner; its President, Robert J. Barton, has full authority to execute and deliver this Waiver on Landowner's behalf.

    DATED AS OF THIS 29 DAY OF JUNE, 2005.

**LANDOWNER**
House of Realty, Inc.
An Oklahoma Corporation

By: _____
Name:
President

By: _____
Name: Terry Guy Shipley
Counsel

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CITY OF MIDWEST CITY, a body corporate and politic, and a duly constituted and qualified municipality, and MIDWEST CITY URBAN RENEWAL AUTHORITY, a public body corporate,<br><br>Plaintiffs,<br><br>vs.<br><br>HOUSE OF REALTY, INC.; ROBERT J. BARTON; ROBERT J. "BOB" BARTON, TRUSTEE OF THE ROBERT J. "BOB" BARTON REVOCABLE TRUST, DATED SEPTEMBER 23, 1992; PAMELA L. BARTON-STOBER; DOUGLAS D. STOBER; KATHY L. GIVENS; SHARLETTE R. MADISON; JEFFREY C. TACKETT; HARLAN DRAKE; PHILLIS CASEY; KEITH CASEY; LARRY PHILLIPS; IRIS JONES, DONNA GUNTER; DIANE FRITH, RICHARD SPRIGGS; LEONARD SEWELL; ARTHUR LEWIS; DANNY WATSON; MYRON NICEWANDER; WILLIAM KLUKOSKE; LAWRENCE HAWKINS; FORREST FREEMAN, COUNTY TREASURER OF OKLAHOMA COUNTY; and BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY,<br><br>Defendants. | Case No.: CJ-2004-9568 |

## INSTRUCTIONS TO COMMISSIONERS

1. You are instructed that Plaintiff City of Midwest City and Plaintiff Midwest City Urban Renewal Authority have filed a First Amended Petition to Select and Summon Commissioners ("First Amended Petition") to condemn for public purposes fee title to

1

Exhibit 2

certain real property and premises, including all right, title, and interest in and to the property described in the Plaintiffs' First Amended Petition.

2. As disinterested freeholders, having no interest in the property, you have been appointed by the Court to serve as Commissioners to consider the injury which the owner of the property will or may sustain, directly or indirectly, by reason of the Plaintiffs' appropriation of the property.

3. If any of you are not freeholders in Oklahoma County, own any interest in the property or are interested or involved in any like questions or taking by eminent domain, then you are not eligible to serve as Commissioner in this case and should immediately report any such fact(s) to the Court. Otherwise, if you agree to serve, please sign the Oath furnished to you, have your signature notarized and file the Oath with the Court Clerk or return the Oath to the attorneys for the Plaintiffs for filing with the Court Clerk.

4. The Constitution of this State provides: "Private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained in the method provided by law and paid to the party whose property is condemned." In determining the injury to be sustained by the owner, you are permitted to exercise your individual judgment which you have acquired through experience and observation.

5. The term "just compensation" means the payment to the owner for the taking of its property by the Plaintiffs of an amount of money that will make the owner whole. In this case, this is the fair market value for the taking of the property as described in the First Amended Petition as of the date of your inspection.

6. The fair market value of a property is the amount of money which a buyer, who is willing but does not have to buy, would pay an owner, who is willing but does not

have to sell, to buy the property. The fair market value of a property should be determined according to the highest and best use for which it is suitable, regardless of what it may have been used for in the past or what future use the owner may have intended for it.

7. The award of compensation for property taken for a project, as of the point in time the Midwest City Urban Renewal Authority became involved (October 12, 2004) shall not be increased nor decreased by reason of any clearance, reconstruction, or proposed assembly, clearance or reconstruction in the project area after October 12, 2004 by Midwest City Urban Renewal Authority. However, any change in value by reason of any clearance, reconstruction, or proposed assembly, clearance or reconstruction in the project area, but not including demolition of the buildings on the Property, prior to October 12, 2004 by the City of Midwest City and the Midwest City Memorial Hospital Authority may be considered by you.

8. The Defendants and their representatives have the right to present to you facts and evidence concerning the use of the property and their opinion as to the injury that the owner will or may sustain by reason of the appropriation. Likewise, the Plaintiffs and their representatives have the right to present such matters to you. You should not, however, discuss the issue of the injury to be sustained with either party out of the presence of the other party. You are not bound by the contentions or opinions of either party, but you may take into consideration any facts and evidence presented to you by the parties.

9. You are hereby instructed to determine the fair market value of the property described in Exhibit 1-A of the First Amended Petition.

10. You are hereby instructed separately to determine the fair market value of the property described in Exhibit 1-B of the First Amended Petition.

3

11. For the property described in Exhibit 1-B of the First Amended Petition, the Plaintiffs are only taking a part of the Defendants' property and it is therefore a partial taking. In a partial taking case, the term "just compensation" means the payment to the owner for the taking of a part of its property by the Plaintiffs of an amount of money that will make the Defendants whole. This is the fair market value of the part of the property that was taken. Injury to the remaining property shall not be considered.

12. If in the process of performing your duties as Commissioners you desire further instructions, you may apply to the Court.

13. You are entitled to be paid a reasonable fee for your services and therefore should maintain detailed, accurate time and expense records.

DATED this 4 day of August, 2005.

VICKI L. ROBERTSON
JUDGE OF THE DISTRICT COURT

VICKI ROBERTSON
DISTRICT JUDGE

**APPROVED:**

Katherine E. F. Bolles, OBA #13968
City Attorney
100 North Midwest Boulevard
Midwest City, Oklahoma 73110
Telephone: (405) 739-1203

- and -

MOCK, SCHWABE, WALDO, ELDER, REEVES
& BRYANT, a Professional Limited Liability Company

James R. Waldo, OBA #9278
Fourteenth Floor
Two Leadership Square
211 North Robinson

4

Oklahoma City, Oklahoma 73102
Telephone: (405) 235-1110

ATTORNEYS FOR PLAINTIFF City of Midwest City

- and -

CENTER FOR ECONOMIC DEVELOPMENT LAW

*James Dan Batchelor*

James Dan Batchelor, OBA #594
Leslie V. Batchelor, OBA #15722
John C. McMurry, OBA #6069
Emily K. Pomeroy, OBA #19912
301 N. Harvey, Suite 200
Oklahoma City, Oklahoma 73102
Telephone: (405) 232-4606

ATTORNEYS FOR PLAINTIFF Midwest City Urban Renewal Authority

- and -

*Terry Guy Shipley*

Terry Guy Shipley
2600 Van Buren, Suite 2633
P.O. Box 721690
Norman, Oklahoma 73070

ATTORNEY FOR DEFENDANTS House of Realty, Inc., Robert J. Barton, Robert J. "Bob" Barton, Trustee of the Robert J. "Bob" Barton Reveocable Trust, Dated September 23, 1992, Pamela L. Barton-Stober, Douglas D. Stober, Kathy L. Givens, Sharlette R. Madison, Jeffrey C. Tackett, Harlan Drake, Phillis Casey, Larry Phillips, Iris Jones, Donna Gunter, Diane Frith, Richard Spriggs, Arthur Lewis, and William Klukoske

5