FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

JAN 27 2005

PATRICIA PRESLEY, COURT CLERK
by _____
Deputy

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CITY OF MIDWEST CITY, a body corporate and politic, and a duly constituted and qualified municipality, and MIDWEST CITY URBAN RENEWAL AUTHORITY, a public body corporate,<br><br>Plaintiffs,<br><br>vs.<br><br>HOUSE OF REALTY, INC.; ROBERT J. BARTON; ROBERT J. "BOB" BARTON, TRUSTEE OF THE ROBERT J. "BOB" BARTON REVOCABLE TRUST, DATED SEPTEMBER 23, 1992; PAMELA L. BARTON-STOBER; DOUGLAS D. STOBER; KATHY L. GIVENS; SHARLETTE R. MADISON; JEFFREY C. TACKETT; HARLAN DRAKE; PHILLIS CASEY; KEITH CASEY; LARRY PHILLIPS; IRIS JONES, DONNA GUNTER; DIANE FRITH, RICHARD SPRIGGS; LEONARD SEWELL; ARTHUR LEWIS; DANNY WATSON; MYRON NICEWANDER; WILLIAM KLUKOSKE; LAWRENCE HAWKINS; FORREST FREEMAN, COUNTY TREASURER OF OKLAHOMA COUNTY; and BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY,<br><br>Defendants. | Case No.: CJ-2004-9568<br><br>**Set for Hearing on March 3, 2005 at 1:3_<br>Before Judge Vicki _..atson** |

## PLAINTIFFS' MOTION AND BRIEF ON REQUESTED INSTRUCTIONS TO COMMISSIONERS

This is a condemnation action necessary to acquire property that is part of the historic downtown area (the "Project Area") of the City of Midwest City (the "City"). On May 28, 2002, the City found that the Project Area, including the property that is the subject of this action, suffered from blighting conditions identified in the Urban Renewal Law, 11 O.S. §

DEFENDANTS'
EXHIBIT 3

38-101(8). On August 27, 2002, the City enacted Ordinance No. 2852, which approved the Midwest City Downtown Redevelopment Project Plan for the Project Area, specifically determining the Project Area "blighted" within the meaning of the Urban Renewal Law and specifying its plan to undertake redevelopment of its historic downtown area pursuant to the Local Development Act, 62 O.S. § 850, *et seq.* On appeal of a prior condemnation action concerning the subject property, the Oklahoma Supreme Court held that the City "did not possess authority pursuant to its general eminent domain powers to condemn the property apart from those statutes regulating the joint conduct of municipalities and public trusts when removing blighted property and creating economic redevelopment." *City of Midwest City v. House of Realty, Inc.*, 2004 OK 56, ¶38. The Supreme Court determined that the Oklahoma Urban Renewal Law, 11 O.S. § 38-101, *et seq.*, is one of two such statutes under which the authority to condemn for redevelopment exists. The City then amended the Midwest City Downtown Redevelopment Project Plan on October 12, 2004, to authorize condemnation by the Midwest City Urban Renewal Authority ("Urban Renewal Authority ") under the Urban Renewal Law, 11 O.S. § 38-101, *et seq. See* Ordinance No. 2936 (with Amended Midwest City Downtown Redevelopment Project Plan), attached to Plaintiffs' Petition as Exhibit 2. The City and the Urban Renewal Authority initiated this action by filing their Petition to Select and Summon Commissioners on November 23, 2004.

## MOTION

Plaintiffs respectfully move the Court to provide the Commissioners with the attached Instructions to Commissioners, which are the usual and customary instructions for condemnation actions. The authority for each of these instructions is provided in the Argument and Authorities section below.

## ARGUMENT AND AUTHORITIES

Plaintiffs have requested the following instruction:

> 1. You are instructed that Plaintiff City of Midwest City and Plaintiff Midwest City Urban Renewal Authority have filed a Petition to condemn for public purposes fee title to certain real property and premises, including all right, title, and interest in and to the property described in the Plaintiffs' Petition.

**Authority:** This instruction accurately describes Plaintiffs' Petition, which seeks to acquire property pursuant to 11 O.S. § 38-101, *et seq.*, including 11 O.S. § 38-101(8), 11 O.S. § 38-106, and 11 O.S. § 38-111, as well as 62 O.S. § 850, *et seq.*

Plaintiffs have requested the following instruction:

> 2. As disinterested freeholder, having no interest in the property, you have been appointed by the Court to serve as Commissioners to consider the injury which the owner of the property will or may sustain, directly or indirectly, by reason of the Plaintiffs' appropriation of the property.

**Authority:** Pursuant to the Urban Redevelopment Act, 11 O.S. § 38-101, *et seq.*, particularly 11 O.S. § 38-111(D), the procedure prescribed for railroad companies in Sections 51 *et seq.* of Title 66 of the Oklahoma Statutes shall be followed in acquiring property by eminent domain. That statute provides for the appointment of "three disinterested freeholders," 66 O.S. § 53(A), to "consider the injury which the property owner may sustain by reason of the condemnation" and to make a report in writing to the court "setting forth the quantity, boundaries, and just compensation for the property taken, and amount of injury done to the property, either directly or indirectly, which they assess to the owner." 66 O.S. § 53(C).

Plaintiffs have requested the following instruction:

> 3. If any of you are not freeholders in Oklahoma County, own any interest in the property or are interested or involved in any like

3

> questions or taking by eminent domain, then you are not eligible to serve as Commissioner in this case and should immediately report any such fact(s) to the Court. Otherwise, if you agree to serve, please sign the Oath furnished to you, have your signature notarized and file the Oath with the Court Clerk or return the Oath to the attorneys for the Plaintiffs for filing with the Court Clerk.

**Authority:** Same as Instruction No. 2, above.

Plaintiffs have requested the following instruction:

> 4. The Constitution of this State provides: "Private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained in the method provided by law and paid to the party whose property is condemned." In determining the injury to be sustained by the owner, you are permitted to exercise your individual judgment which you have acquired through experience and observation.

**Authority:** Oklahoma Constitution, Art. 2, § 24.

Plaintiffs have requested the following instruction:

> 5. The term "just compensation" means the payment to the owner for the taking of its property by the Plaintiffs of an amount of money that will make the owner whole. In this case, this is the fair market value for the taking of the property as described in the Petition and an amount of money for the property owner's moving costs. The property includes the land and any buildings or other things that are included. In addition to a reasonable and adequate allowance for the property owner's moving costs, the fair market value in this case is the greater of the value of the land with the structures which were removed on or about April 30, 2004, or the value of the land without the structures. For purposes of valuation, the date of taking shall be April 30, 2004, or the present, whichever value is greater.

**Authority:** The meaning of "just compensation" is rooted in Article 2, Section 24 of the Oklahoma Constitution and further refined by statute and case law. Section 53(D) of Title 66 defines "just compensation" as "the value of the property taken, and, in addition, any injury to any part of the property not taken." The Oklahoma Supreme Court has held that, "The term 'property' as used in our Constitution regarding the taking of private property for

4

public use for which just compensation must be paid includes not only real estate held in fee, but also easements, personal property and every valuable interest which can be enjoyed and recognized as property." *Graham v. City of Duncan*, 1960 OK 149, ¶18, 354 P.2d 458, 461. Accordingly, the Supreme Court recently held that moving expenses are recoverable in a condemnation proceeding. *See State ex rel. Dept. of Transportation v. Little*, 2004 OK 74, ¶18, 100 P.3d 707.

The condemnee is to be placed as fully as possible in the same position as that occupied before the government's taking. *Id.* at ¶23. Damages accruing from taking of private property by eminent domain are to be determined at the time the property is taken. *Oklahoma Turnpike Auth. v. Burk*, 1966 OK 113, 415 P.2d 1001. In this case, structures were removed on or about April 30, 2004, pursuant to the orders entered by the trial court in the prior condemnation action. To compensate defendants fully without duplicating compensation, they should be awarded the greater of the value of the land with the structures or the value of the land without the structures.

Plaintiffs have requested the following instruction:

> 6. The fair market value of a property is the amount of money which a buyer, who is willing but does not have to buy, would pay an owner, who is willing but does not have to sell, to buy the property. The fair market value of a property should be determined regardless of what it may have been used for in the past or what future use the owner may have intended for it.

**Authority:** This further explanation of how the property is to be valued is rooted in Article 2, Section 24 of the Oklahoma Constitution, as refined by statute and multiple cases, including *City of Tulsa v. Creekmore*, 1934 OK 57, ¶11-12, 29 P.2d 101, and *Grand River Dam Authority v. Bomford*, 1941 OK 78, ¶2, 111 P.2d 182.

Plaintiffs have requested the following instruction:

    7.    The award of compensation for property taken for a project shall not be increased nor decreased by reason of any increase or decrease in the value of the property caused by the assembling, clearance, reconstruction, or proposed assembly, clearance or reconstruction in the project area.

**Authority:** 11 O.S.2001 § 38-111 specifically provides that "the award of compensation for real property taken for such a project shall not be increased by reason of any increase in the value of the real property caused by the assembling, clearance, reconstruction, or proposed assembly, clearance or reconstruction in the project area."

Plaintiffs have requested the following instructions regarding the procedure that the Commissioners may use:

    8.    The Defendants and their representatives have the right to present to you facts and evidence concerning the use of the property and their opinion as to the injury that the owner will or may sustain by reasons of the appropriation. Likewise, the Plaintiffs and their representatives have the right to present such matters to you. You should not, however, discuss the issue of the injury to be sustained with either party out of the presence of the other party. You are not bound by the contentions or opinions of either party, but you may take into consideration any facts and evidence presented to you by the parties.

    9.    If in the process of performing your duties as Commissioners you desire further instructions, you may apply to the Court.

    10.    You are entitled to be paid a reasonable fee for your services and therefore should maintain detailed, accurate time and expense records.

**Authority:** These usual and customary instructions regarding the procedures to be used are derived from Sections 51 *et seq.* of Title 66 of the Oklahoma Statutes, which are those applicable to eminent domain proceedings, and, in particular, 66 O.S. § 53.

Respectfully submitted,

Katherine E. F. Bolles, OBA #13968
City Attorney
100 North Midwest Boulevard
Midwest City, Oklahoma 73110
Telephone: (405) 739-1203

- and -

MOCK, SCHWABE, WALDO, ELDER, REEVES & BRYANT, a Professional Limited Liability Company

By: _/s/ James R. Waldo_
James R. Waldo, OBA #9278
Fourteenth Floor
Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-1110

ATTORNEYS FOR PLAINTIFF,
CITY OF MIDWEST CITY

- and -

CENTER FOR ECONOMIC DEVELOPMENT LAW

By: _/s/ Leslie V. Batchelor_
James Dan Batchelor, OBA #594
Leslie V. Batchelor, OBA #15722
John C. McMurry, OBA #6069
Emily K. Pomeroy, OBA #19912
301 N. Harvey, Suite 200
Oklahoma City, Oklahoma 73102
Telephone: (405) 232-4606

ATTORNEYS FOR PLAINTIFF,
MIDWEST CITY URBAN RENEWAL AUTHORITY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2005, a true and correct copy of the foregoing instrument was mailed, postage prepaid, to:

Terry Guy Shipley
2600 Van Buren, Suite 2633
P.O. Box 721690
Norman, Oklahoma 73070

    ATTORNEY FOR DEFENDANTS House of Realty, Inc., Robert J. Barton, Robert J. "Bob" Barton, Trustee of the Robert J. "Bob" Barton Revocable Trust, Dated September 23, 1992, Pamela L. Barton-Stober, Douglas D. Stober, Kathy L. Givens, Sharlette R. Madison, Jeffrey C. Tackett, Harlan Drake, Phillis Casey, Larry Phillips, Iris Jones, Donna Gunter, Diane Frith, Richard Spriggs, Arthur Lewis, and William Klukoske

*[signature]*

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CITY OF MIDWEST CITY, a body corporate and politic, and a duly constituted and qualified municipality, and MIDWEST CITY URBAN RENEWAL AUTHORITY, a public body corporate,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>HOUSE OF REALTY, INC.; ROBERT J. BARTON; ROBERT J. "BOB" BARTON, TRUSTEE OF THE ROBERT J. "BOB" BARTON REVOCABLE TRUST, DATED SEPTEMBER 23, 1992; PAMELA L. BARTON-STOBER; DOUGLAS D. STOBER; KATHY L. GIVENS; SHARLETTE R. MADISON; JEFFREY C. TACKETT; HARLAN DRAKE; PHILLIS CASEY; KEITH CASEY; LARRY PHILLIPS; IRIS JONES, DONNA GUNTER; DIANE FRITH, RICHARD SPRIGGS; LEONARD SEWELL; ARTHUR LEWIS; DANNY WATSON; MYRON NICEWANDER; WILLIAM KLUKOSKE; LAWRENCE HAWKINS; FORREST FREEMAN, COUNTY TREASURER OF OKLAHOMA COUNTY; and BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY,<br><br>　　　Defendants. | Case No.: CJ-2004-9568 |

## INSTRUCTIONS TO COMMISSIONERS

1.　You are instructed that Plaintiff City of Midwest City and Plaintiff Midwest City Urban Renewal Authority have filed a Petition to condemn for public purposes fee title to certain real property and premises, including all right, title, and interest in and to the property described in the Plaintiffs' Petition.

1

2. As disinterested freeholder, having no interest in the property, you have been appointed by the Court to serve as Commissioners to consider the injury which the owner of the property will or may sustain, directly or indirectly, by reason of the Plaintiffs' appropriation of the property.

3. If any of you are not freeholders in Oklahoma County, own any interest in the property or are interested or involved in any like questions or taking by eminent domain, then you are not eligible to serve as Commissioner in this case and should immediately report any such fact(s) to the Court. Otherwise, if you agree to serve, please sign the Oath furnished to you, have your signature notarized and file the Oath with the Court Clerk or return the Oath to the attorneys for the Plaintiffs for filing with the Court Clerk.

4. The Constitution of this State provides: "Private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained in the method provided by law and paid to the party whose property is condemned." In determining the injury to be sustained by the owner, you are permitted to exercise your individual judgment which you have acquired through experience and observation.

5. The term "just compensation" means the payment to the owner for the taking of its property by the Plaintiffs of an amount of money that will make the owner whole. In this case, this is the fair market value for the taking of the property as described in the Petition and an amount of money for the property owner's moving costs. The property includes the land and any buildings or other things that are included. In addition to a reasonable and adequate allowance for the property owner's moving costs, the fair market value in this case is the greater of the value of the land with the structures which were removed on or about April 30, 2004, or the value of the land without the structures. For

purposes of valuation, the date of taking shall be April 30, 2004, or the present, whichever value is greater.

6. The fair market value of a property is the amount of money which a buyer, who is willing but does not have to buy, would pay an owner, who is willing but does not have to sell, to buy the property. The fair market value of a property should be determined regardless of what it may have been used for in the past or what future use the owner may have intended for it.

7. The award of compensation for property taken for a project shall not be increased nor decreased by reason of any increase or decrease in the value of the property caused by the assembling, clearance, reconstruction, or proposed assembly, clearance or reconstruction in the project area.

8. The Defendants and their representatives have the right to present to you facts and evidence concerning the use of the property and their opinion as to the injury that the owner will or may sustain by reasons of the appropriation. Likewise, the Plaintiffs and their representatives have the right to present such matters to you. You should not, however, discuss the issue of the injury to be sustained with either party out of the presence of the other party. You are not bound by the contentions or opinions of either party, but you may take into consideration any facts and evidence presented to you by the parties.

9. If in the process of performing your duties as Commissioners you desire further instructions, you may apply to the Court.

10. You are entitled to be paid a reasonable fee for your services and therefore should maintain detailed, accurate time and expense records.

3

DATED this \_\_\_\_ day of _____, 2005.

_____
VICKI L. ROBERTSON
JUDGE OF THE DISTRICT COURT

**APPROVED:**

Katherine E. F. Bolles, OBA #13968
City Attorney
100 North Midwest Boulevard
Midwest City, Oklahoma 73110
Telephone: (405) 739-1203

- and -

MOCK, SCHWABE, WALDO, ELDER, REEVES
& BRYANT, a Professional Limited Liability Company

_____
James R. Waldo, OBA #9278
Fourteenth Floor
Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-1110

ATTORNEYS FOR PLAINTIFF City of Midwest City

- and -

4

CENTER FOR ECONOMIC DEVELOPMENT LAW

---

James Dan Batchelor, OBA #594
Leslie V. Batchelor, OBA #15722
John C. McMurry, OBA #6069
Emily K. Pomeroy, OBA #19912
301 N. Harvey, Suite 200
Oklahoma City, Oklahoma 73102
Telephone: (405) 232-4606

ATTORNEYS FOR PLAINTIFF Midwest City Urban Renewal Authority

---

Terry Guy Shipley
2600 Van Buren, Suite 2633
P.O. Box 721690
Norman, Oklahoma 73070

ATTORNEY FOR DEFENDANTS House of Realty, Inc., Robert J. Barton, Robert J. "Bob" Barton, Trustee of the Robert J. "Bob" Barton Revocable Trust, Dated September 23, 1992, Pamela L. Barton-Stober, Douglas D. Stober, Kathy L. Givens, Sharlette R. Madison, Jeffrey C. Tackett, Harlan Drake, Phillis Casey, Larry Phillips, Iris Jones, Donna Gunter, Diane Frith, Richard Spriggs, Arthur Lewis, and William Klukoske